JANUARY TERM, 1883, No. 62.        DECEMBER 7, 1882.

## Pennsylvania R. R. Co. *v.* Fuller.

1. The power of a Court in refusing a rule for a new trial, to put a plaintiff under the terms of remitting a part of the damages, is within its legitimate discretion and is not subject to review.

2. The order in which evidence shall be admitted is within the sound discretion of the Court below.

3. In an action for damages against a common carrier for personal injuries caused by the alleged negligence of an employé of defendant, the plaintiff gave evidence of the accident, the injuries sustained, and their extent, and of his earning capacity. *Held:* That the Court committed no error in stating that he had made out a *prima facie* case.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Erie County.*

Case by Rulof Fuller, Jr., against the Pennsylvania Railroad Company, to recover damages for a personal injury resulting from the alleged negligence of the company defendant.

On the trial in the Court below, before GALBRAITH, P. J., the plaintiff gave evidence of the following facts:

On the 15th of January, 1880, the plaintiff, Rulof Fuller, Jr., purchased a ticket at Erie for Union City, and took his seat in a caboose car, which was arranged with seats for passengers, and was attached to the end of a local freight train. At Jackson's station a gondola or platform car was attached to the rear end of the caboose car. After this attachment was made, the train was run on to a side track, but before the gondola had passed the switch, a brakeman, acting as switchman, and standing with his back toward the rear of the train, turned the switch, and the caboose car was turned over. Fuller was thrown violently against the side of the car and received serious injuries in the back. A number of witnesses testified that Fuller was a strong and vigorous man, and capable of earning from three to five dollars a day. In his deposition, he stated that he was thirty-

seven years of age, and for several years previously had earned from $1,200 to $1,500 annually. Dr. Greenlee testified that the injury sustained was a serious one, affecting the spinal column; that Fuller, in his opinion, would not recover from it so that he would be able to stand. Another witness was called to prove the plaintiff's condition.

THE COURT, *to plaintiff's counsel:* "You have made a *prima facie* case; you have proved the accident and the condition of the plaintiff, what his earning power was, and the extent of his injury, &c. It is not for you to anticipate their defense. I understand the line of defense to be that this plaintiff will probably eventually get well."

*Defendant's counsel:* "My line of defense will be that the injuries are not so excessive as claimed, and nothing like it. I propose to show, by medical experts, the extent and character of the injuries, and the possibility and likelihood of recovery. It is for them to show their branch of the case and we meet it."

THE COURT: It is not necessary for the plaintiff to anticipate the defense by going into the minutiæ of the injury, to make out a *prima facie* case. If you bring medical men to swear as to the complications and possible result of the matter, we will allow the plaintiff to rebut that. We shall allow them, after you show what you intimate you will, to rebut. They have made their *prima facie* case. Now, you meet that, and we will allow them to rebut that. They show the accident, and the injury, and the earning capacity, and the condition and health of the plaintiff, *prima facie.* Then you come in with your defense, which they are not bound to know anything about, and undertake to show that the injuries are temporary in their effects, and it is for them then to show that they are not temporary. From the defense you have intimated, they are not bound to know that in advance, and not obliged to meet a case that is not presented, until it is presented. When you present your case in which you undertake to show the injuries are likely to be not permanent, we will allow them to rebut that by showing the contrary. They are not bound to know the defense until they hear it."

The plaintiff then rested.

*Counsel for defendant:* "The plaintiff has medical experts here. Will your Honor permit him to call them after we call ours?"

THE COURT. Certainly. . . There is no question about it.

(Second assignment of error.)

The defendant then called a large number of medical experts, to show that the paralysis of the plaintiff was local, that his injuries were less in extent than had been testified to, and that his physical condition was improving.

After defendants had closed their testimony, a witness was called, and asked by plaintiff's counsel as follows:

"*Q.* How near do you live to Mr. Fuller now?

*A.* About thirty feet.

*Q.* What has been his condition during the time he has lived near you?"

Objected to as not rebutting testimony, and that plaintiff cannot reopen that branch of the case.

THE COURT. We ruled on this that it was not necessary to take time to go on and prepare for what might not come; that if the defendants controverted this matter, if they introduced evidence to show that he was not seriously hurt, that there was any pretense about it, anything different from what was alleged by them, we would allow them to go on and rebut.

Objected to.

THE COURT. It is not worth while for the plaintiff to spend time in making out a case that may not arise, and we allow them, after you have made your defense, to meet that defense.

The defendant's counsel objected to the testimony offered, on the ground that the plaintiff, having made out a case and proved by their witnesses the accident and injury, called medical testimony to prove the extent of the injury and then rested, should not now be allowed to introduce testimony which should have been evidence-in-chief.

THE COURT. The plaintiff, having established his *prima facie* case, the counsel for the defendants, conceding that the accident, by which the plaintiff sustained the injury complained of, was the result of carelessness on the part of the employer, and the plaintiff, calling other witnesses to establish, by cumulative evidence, the nature of the injury still further than he had already done, and their extent, was stopped by the Court with the intimation that it would not be necessary to occupy further time, unless the defendants should, by their evidence, attempt to show that the injuries were simulated or affected, in which case rebutting proof would be allowed to meet

that phase of the case. Such evidence having been offered, and the cross-examination showing an intent to use such argument to the jury, the plaintiff is now permitted to rebut by medical and other testimony, proving the contrary of the proof by the defendant.

(Third assignment of error.)

April 18, 1882. Verdict for the plaintiff for $25,000, the full amount claimed in the Narr. September 26, 1882, the Court, after argument on motion for a new trial, ordered that a new trial should be allowed, unless the plaintiff should, within thirty days, remit of record $8,000 of the sum recovered, leaving the amount $17,000.

On September 28, 1882, the plaintiff released of record $8,000 of the verdict rendered, and judgment was entered for $17,000.

The defendant thereupon took this writ, assigning for error, *inter alia*, the action of the Court in directing a verdict of $17,000 and the rulings of the Court in the course of the trial, as given above.

*J. Ross Thompson* for plaintiff in error.

The Court erred in directing a remittitur of the excess of damages and directing a verdict of $17,000 to be entered in this case. This is practically a denial of trial by an impartial jury. It is a substitution of the opinion of the Court for the verdict of a jury. A remittitur may be allowed in a verdict where the measure of damages is a rule of law, but in a tort where the measure of damages is not fixed by definite rule, and is a subject of opinion, such a remittitur substitutes the opinion of the Court for the verdict of the jury. When a jury, from ignorance or prejudice, renders a verdict excessive in amount, the Court should grant a new trial, and not attempt to modify the verdict.

After the defendant has closed his testimony, the plaintiff will not be permitted to give additional evidence on a subject on which he had previously examined witnesses, if nothing new has been proved by the defendant: Gilpins *v.* Consequa, 1 P. C. C., 88.

While, as a general rule, this Court will not reverse on account of evidence out of order, in cases where injustice or prejudice may be the result of irregular order, this Court will reverse. Had the defendants introduced new matter by their evidence, it would have been proper to admit the evidence in rebuttal. The witnesses were all in court. The testimony could have been offered in chief. But it would seem as if the plaintiff said: "We will give

you so much testimony in chief, which, if met by the other side, we will call in our relay forces and introduce more evidence, which you can have no chance to meet," claiming it as rebuttal.

*J. W. Sproul* and *Davenport & Griffith* for defendant in error.

The Court below was not in error in stating that we had made out a *prima facie* case. All that we had to do was to prove the fact of the injury and its nature and extent. The onus is then cast upon the other side to disprove negligence : Phila. & Reading R. Co. *v.* Anderson, 13 Nor., 357 ; Sullivan *v.* The Railroad Co., 6 Casey, 234.

The power of the Court to control the order in which testimony shall be admitted is settled by numerous decisions : Wilson *v.* Jamison, 7 Barr, 126 ; Finlay *v.* Stewart, 6 Smith, 192 ; Quinn *v.* Crowell, 4 Whart., 334 ; Salmon *v.* Rance, 3 S. & R., 311 ; Wolverton *v.* Commonwealth, 7 S. & R., 273 ; Moore *v.* Small, 9 Barr, 195.

DECEMBER 30, 1882.—PER CURIAM : The power of a Court in refusing a rule for a new trial to put a plaintiff under the terms of remitting a part of the damages ought not to be questioned. It is a matter in the discretion of the Court below which we cannot review. The Court committed no error in saying to the plaintiff's counsel that he had made out a *prima facie* case, for such was undoubtedly the case. The order of evidence is in the sound discretion of the Court below. No injustice was done in this case. We discover no error in any of the rulings complained of. The injury inflicted upon the plaintiff by the negligence of the defendants, which was not controverted, was, according to the evidence, a very serious one, but with the amount of the verdict we have nothing to do.

Judgment affirmed.